IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

RECEIVED
2011 FEB 18  P 3:42
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

NATIONAL LABOR RELATIONS BOARD,

        Applicant

v.          Civil Action No. 2:11MC3546 WKW

LARRY EDWARDS

        Respondent

## APPLICATION FOR ORDER ENFORCING SUBPOENA AD TESTIFICANDUM

The National Labor Relations Board (the Board), an administrative agency of the Federal Government respectfully applies to this Court for an order compelling compliance with an investigative subpoena ad testificandum (Subpoena) that the Board issued and served on Larry Edwards. This application is made pursuant to Section 11(2) of the National Labor Relations Act (the Act), (29 U.S.C. § 151 et seq.).

In support of this application the Board states as follows:

a. This Court has jurisdiction of the subject matter of the proceeding and of Respondent by virtue of Section 11(2) of the Act (29 U.S.C. § 161(2)). The subpoena was issued to a person within this judicial district.

b. This application arises as a result of an unfair labor practice proceeding currently pending before the Board pursuant to Section 10(b) of the Act. The Board process began on June 17, 2010 with a charge filed by the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union (Charging Party) in Case No. 15-CA-19604, which contains allegations that Pinnacle: An American Management Services Company violated

the Act. On August 24, 2010, the Charging Party filed an amended charge in Case No. 15-CA-19604. The charge is under investigation by the Board's Regional Office located in New Orleans, Region 15, at 600 South Maestri Place, 7th Floor, New Orleans, Louisiana. Copies of the original charge and the amended charge are attached as Exhibits A and B, respectively. The charges were filed consistent with the requirements of Section 10(b) of the Act and of C.F.R. §§ 102.9 and 102.10 of the Board's Rules and Regulations. These Rules and Regulations have been issued pursuant to Section 6 of the Act (20 U.S.C. § 156) and have been published in the Federal Register (24 F.R. 9095), pursuant to the Administrative Procedure Act (5 U.S.C. § 552). See 20 C.F.R. § 102. This Court may take judicial notice of the Board's Rules and Regulations under 44 U.S.C. § 1507.

c. In order to procure evidence during the investigation of the unfair labor practice charge, a representative of the Acting General Counsel made a written request for and received a Subpoena from the Board. On December 21, 2010, a representative of the Acting General Counsel issued the Subpoena No. A-863410 (Subpoena) directing Respondent to appear before an agent of the Board on January 5, 2011 at Springhill Suites by Marriott Hotel located at 1201 Townplace Dr., Montgomery, Alabama to give testimony pertinent to the investigation of the charge in Case No. 15-CA-190604. A copy of the Subpoena is attached as Exhibit C. The issuance of the Subpoena is consistent with the requirements of Section 11(1) of the Act and Section 102.31(a) of the Board's Rules and Regulations.

d. The Subpoena described above was served on Respondent by addressing and sending it by certified mail to Respondent at Respondent's residence located at 440 Cargill Street, Prattville, Alabama 36067. Respondent received the Subpoena. Service and receipt complied with Section 11(4) of the Act and Section 102.113 of the Board's Rules and Regulations, 29 C.F.R. § 102.113. A copy of the return post office receipt is attached as Exhibit D.

e. Respondent never challenged the propriety or relevance of the Subpoena.

f. Respondent did not appear as directed by the Subpoena. Respondent's refusal to respond to the Subpoena, which seeks testimony relevant and material to the Board's unfair labor practice investigation and within the jurisdiction of the Board, constitutes a refusal to obey the Subpoena and contumacious conduct with the meaning of Section 11(2) of the Act. Furthermore, Respondent's conduct has impeded and continues to impede the unfair labor practice proceeding before the Board and is preventing the Board from carrying out its duties and functions under the Act. Given that Respondent has failed to challenge the Subpoena, the Board is entitled to a summary order requiring Respondent to obey the Subpoena.

In view of Respondent's contumacious conduct, the Board requests:

1. That this Court issue an order requiring Respondent to appear before a Board Agent at a time and place to be fixed by the Board Agent and to answer any and all questions relevant to the matters in question in the unfair labor practice proceedings before the Board.

2. That the applicant, National Labor Relations Board, have such other and further relief as may be necessary and appropriate.

Dated:   February 17, 2011

          National Labor Relations Board

          By: Lafe E. Solomon, Acting General Counsel
          Sandra L. Hightower, Regional Attorney

          */s/ Charles R. Rogers*
          CHARLES R. ROGERS, Field Attorney
          National Labor Relations Board, Region 15
          600 South Maestri Place, 7th Floor
          New Orleans, LA  70130
          (504) 589-6368
          (504) 589-4069 (facsimile)
          Email:  charles.rogers@nlrb.gov
          South Carolina Bar number:  15137