IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| NATIONAL LABOR RELATIONS BOARD, ) ) ) | |
| Applicant, ) ) | |
| v. ) ) | CIVIL ACTION NO. 2:11MC3546-WKW |
| LARRY EDWARDS, ) ) ) | |
| Respondent. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

The National Labor Relations Board has applied for an order compelling compliance with an administrative subpoena that it issued to the respondent, Larry Edwards. The application was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 "for any order or recommendation as may be appropriate."[1] (Doc. # 3). Although he was given an opportunity to do so, Edwards has not filed a response in opposition to the

---

[1] The undersigned Magistrate Judge proceeds by recommendation because the matter referred is case dispositive. National Labor Relations Board v. Frazier, 966 F.2d 812 (3rd Cir. 1992)(NLRB subpoena enforcement proceeding is "not a pretrial determination of a motion collateral to the main proceeding before the district court, but a final decision which dispose[s] entirely of the Board's business before the court" and, therefore, district court's review of Magistrate Judge's determination is *de novo*); N.L.R.B. v. Midwest Heating and Air Conditioning, Inc., 2008 WL 4330022 (D. Kan. Sept. 16, 2008)("Unlike typical pretrial motions which district judges routinely refer to magistrate judges, the question of subpoena enforcement was not ancillary to the case.... Because the Board's application was dispositive, this Court should have applied the *de novo* standard set forth in Section 636(b)(1)(C)."); cf. Robinson v. Tanner, 798 F.2d 1378, 1380 n. 3 (11th Cir. 1986), *cert. denied* 481 U.S. 1039 (1987)(describing, in *dicta*, district court orders enforcing IRS and EEOC subpoenas as "immediately appealable because the district court case consisted of only the government's request for the order compelling discovery").

application.[2]  Upon consideration of the application, the court concludes that it is due to be granted.

> With its enactment of the [National Labor Relations Act], Congress created the [National Labor Relations] Board and empowered it to prevent any person from engaging in any unfair labor practice affecting commerce. 29 U.S.C. § 160(a). And to that end, Congress authorized the Board to file complaints charging violators with unfair labor practices and to conduct hearings on those charges. Id. § 160(b). Traditionally, such hearings are conducted before ALJs as delegatees of the Board, who are subject to Board review. See 29 C.F.R. §§ 102.31(b), 102.26. The Act provides that the hearings "shall, so far as practicable, be conducted in accordance with the rules of evidence applicable in the district courts." 29 U.S.C. 160(b). Following a hearing, the Board is empowered to issue cease and desist orders, orders reinstating employees, and orders requiring reports. Such orders are subject to judicial review and enforcement. Id. § 160(e), (f).
>
> To implement this charter, the Board is given investigatory power with the authority to conduct hearings, subpoena testimony and evidence, administer oaths, examine witnesses, and receive evidence, 29 U.S.C. § 161(1), all of which are generally carried out in the first instance by ALJs.

---

[2] By order entered October 11, 2011, the court required the NLRB to file either authority that the court is empowered to grant its application *ex parte* or a certificate indicating service of the application and supporting documents on the respondent. (Doc. # 4). On October 20, 2011, the Board filed a certificate indicating that it had served the application on the respondent by certified mail on October 18, 2011. (Doc. # 5). By order entered November 7, 2011, the court directed the respondent to show cause, on or before November 17, 2011, why the application should not be granted; the Clerk served the order by certified mail. (Doc. # 6). Thereafter, the court allowed respondent until December 22, 2011, to respond to supplemental evidence filed by the Board on December 13, 2011, at the court's direction. (Doc. ## 8, 9). Respondent failed to file any response in opposition to the Board's petition. Service of the application and the show cause order on the respondent by certified mail are sufficient to support the court's assertion of personal jurisdiction over respondent in this enforcement proceeding. See Fed. R. Civ. P. 81(a)(5)(Rules of Civil Procedure apply in subpoena enforcement proceedings, "except as otherwise provided by ... court order in the proceedings."); United States v. Elmes, 532 F.3d 1138 (11th Cir. 2008); see also United States v. Southeast First National Bank of Miami Springs, 655 F.2d 661 (5th Cir. Unit B Sept. 11, 1981)(the effect of this provision "is to make application of the rules of civil procedure in subpoena enforcement proceedings discretionary with the district court").

N.L.R.B. v. Interbake Foods, LLC, 637 F.3d 492, 497 (4th Cir. 2011). Section 11(1) of the NLRA gives the Board authority to subpoena witnesses to provide testimony regarding a matter under investigation; section 11(2) provides for court enforcement of such subpoenas "[i]n case of contumacy or refusal to obey a subpoena" and vests jurisdiction in the United States District Court "within the jurisdiction of which the inquiry is carried on or within the jurisdiction of which said person guilty of contumacy or refusal to obey is found or resides or transacts business[.]" 29 U.S.C. § 161(1), (2). "[T]he role of a district court in a proceeding to enforce an administrative subpoena is sharply limited; inquiry is appropriate only into whether the evidence sought is material and relevant to a lawful purpose of the agency." E.E.O.C. v. Kloster Cruise Ltd., 939 F.2d 920, 922 (11th Cir. 1991)(citations omitted); United States v. Feaster, 376 F.2d 147, 149 (5th Cir.), *cert. denied*, 389 U.S. 920 (1967); see also U.S.E.E.O.C. v. Tire Kingdom, Inc., 80 F.3d 449, 450 (11th Cir. 1996)("The court may inquire into (1) whether the administrative investigation is within the agency's authority, (2) whether the agency's demand is too indefinite, and (3) whether the information sought is reasonably relevant.")(citations omitted).

    In support of its application for an enforcement order, the Board has attached copies of a charge and amended charge alleging unfair labor practices by an employer, "Pinnacle: An American Management Services Company." (Exhibits A and B to Application). The Board has also submitted a copy of a subpoena issued by the Board to the respondent, seeking his testimony in the matter; a certificate showing service by certified mail; and a

return receipt signed by the respondent. (Exhibits C and D to Application). Because these exhibits were not authenticated by any supporting affidavit, and because the court had no evidence before it which would permit a conclusion as to the relevance of the testimony that the Board sought from Edwards, the court directed the Board to supplement its application. (Doc. # 8). The Board did so, submitting a declaration from Kathleen McKinney, the Director of the Board's Region 15. McKinney avers that: (1) respondent Edwards and another employee, Jerry Hamm, signed a petition requesting that they no longer be represented by the Union certified by the Board as the exclusive bargaining representative of Pinnacle's employees; (2) Pinnacle withdrew recognition of the Union as its employees' representative based on the petition; (3) Hamm provided an affidavit to the Board stating that, at a March 24, 2010, meeting with Cassandra Price, Human Resources Manager for Pinnacle, Price "coerced [Hamm] and Edwards to sign [a] petition against representation by the Union by promising wage increases, bonuses, and that the Employer would hire more employees"; (4) the Union filed an amended charge with the Board alleging such coercion; (5) Edwards agreed to meet with a Board agent to provide an affidavit concerning the allegation of coercion but twice failed to appear as agreed; (5) the Board subsequently issued a subpoena for Edwards to provide testimony to Board agent Charles Rogers; and (6) Edwards failed, without explanation, to comply with the subpoena. (McKinney dec.). Edwards has not appeared in this matter. He has not objected to or opposed the evidence filed by the Board in support of its application and has offered no justification for his refusal to obey the

4

Board's subpoena.

Upon consideration of the record in this matter, the court concludes that the testimony the Board seeks from Edwards is relevant and material to the Board's investigation of charges pending before it, in accordance with the authority granted to the Board by law, and that Edwards, who resides within this district, has refused to obey the Board's subpoena without lawful justification. Accordingly, the court concludes that the Board's application for an order enforcing its subpoena *ad testificandum* is due to be GRANTED and that costs should be taxed against the respondent pursuant to Fed. R. Civ. P. 54.

However, to the extent that the Board seeks an order directing the respondent to reimburse the Board for its attorney fees associated with the present application for enforcement, the Board's application is due to be denied. Although the statute authorizing enforcement of the Board's administrative subpoena provides that the court may punish the respondent for contempt in the event he fails to obey the court's order requiring him to appear, it does not provide expressly for an award of attorney fees upon the court's issuance of such an order. See 29 U.S.C. § 161(1), (2); see also N.L.R.B. v. Midwest Heating and Air Conditioning, Inc., 528 F. Supp.2d 1172 (D. Kan. 2007), *objections on other grounds overruled* 251 F.R.D. 622 (D. Kan. May 20, 2008). Additionally, while the Federal Rules of Civil Procedure apply to some extent to this enforcement proceeding (see Fed. R. Civ. P. 81(a)(5)), this action does not involve a failure to cooperate in discovery or to make required disclosures within the meaning of Fed. R. Civ. P. 37 so as to implicate the payment of

5

expenses authorized by Rule 37(a)(5).  Cf. E.E.O.C. v. Deer Valley Unified School District, 968 F.2d 904, 905 (9th Cir. 1992)("[W]e hold that a subpoena enforcement action is not a discovery motion.").  Rule 45 allows a court to hold a person who has failed to obey a subpoena in contempt, but that rule pertains to subpoenas issued by the court.  See Fed. R. Civ. P. 45(a)(1)(A) and (a)(2); see also id., Advisory Committee Notes, 1937 Adoption ("This rule applies to subpoenas ad testificandum and duces tecum issued by the district courts for attendance at a hearing or a trial, or to take depositions.  It does not apply to the enforcement of subpoenas issued by administrative officers and commissions pursuant to statutory authority.").  The Board cites no fee-shifting statute or other rule authorizing the award of attorney fees in the present circumstances, and it cites no binding authority holding that such an award is appropriate.[3]  Accordingly, the Board's request for an award of attorney fees should be denied.

## CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that the Board's application for enforcement of its administrative subpoena be GRANTED and that the court enter the enforcement order proposed by the Board, except to the extent

---

[3] In support of its request for fees, the Board cites N.L.R.B. v. A.G.F. Sports, Ltd., 1994 WL 507779 (E.D.N.Y. Jun. 22, 1994).  (See Doc. # 2, p. 7).  The cited authority pertains to calculation of the amount of fees and costs allowable pursuant to an earlier order awarding costs and fees.  It includes no discussion regarding the legal authority supporting such an award and, accordingly, is not persuasive.

that it provides for an award of attorney fees.[4]

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action.  The parties are DIRECTED to file any objections to this Recommendation on or before January 23, 2012. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993);  Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 10th day of January, 2012.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE

---

[4] See Doc. # 1-2.